**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KIMBERLY A. TUTKO | |
| Appellant | No. 213 MDA 2016 |

Appeal from the Judgment of Sentence December 16, 2015
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0005680-2014

BEFORE:  OTT, J., DUBOW, J., and PLATT, J.[*]

MEMORANDUM BY OTT, J.:                    **FILED FEBRUARY 09, 2017**

Kimberly Tutko appeals from the judgment of sentence imposed on December 16, 2015, in the Court of Common Pleas of Dauphin County following her guilty plea to charges of third-degree murder, aggravated assault and two counts of endangering the welfare of a child (EWOC),[1] regarding the death by starvation of her nine-year-old son, and near death by starvation of her ten-year-old daughter.  The only condition of sentencing pursuant to the plea was that the sentences associated with the death of her son (murder and EWOC) run concurrent with the charges associated with the

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 2502(c), 2702(a)(9), and 4304(a)(1), respectively.  EWOC was classified as a third-degree felony pursuant to § 4304(b) regarding course of conduct.

harm caused to her daughter (aggravated assault and EWOC). Tutko received an aggregate sentence of 20 to 40 years' incarceration.[2] In this timely appeal, Tutko challenges the discretionary aspect of her sentence, claiming her sentence for murder is manifestly excessive in that the sentencing court failed to give adequate weight to the mitigating circumstances presented. After a thorough review of the submissions by the parties, relevant law, and the certified record, we affirm.

The facts underlying the charges against Tutko[3] are truly disturbing and well-known to the parties. We state, in general terms, that her son, nine-years-old at the time of his passing, weighed less than 17 pounds and was covered in his own waste. He was kept locked in a room without a working light or sanitary facilities. He suffered extreme dental neglect, which a forensic dental expert concluded caused significant pain. Tutko's daughter, who had previously suffered a debilitating brain injury, was similarly neglected and covered in filth; ear wax flowed from her ears to her face and her eyes were so encrusted she could not open them. Her body

---

[2] Specifically, 18 to 36 years' incarceration for third degree murder and two to four years' incarceration, consecutive, for EWOC. Tutko's sentence for the crimes against her daughter, aggravated assault, five to years' incarceration, followed by two to four years' incarceration for EWOC, are to be served concurrently with the sentence for murder.

[3] Tutko's husband was similarly charged, with an additional charge of concealing the death of a child. We are unaware if he has filed an appeal; if he has filed an appeal, it is not before this panel.

was so twisted from neglect and malnutrition that her spine impinged upon her lungs. She was near death when taken from the Tutko home.[4]

Tutko now claims that the 18-36 year sentence imposed for the murder of her son was manifestly excessive in that the sentencing court failed to give proper weight to the fact that her husband abused her.[5] This claim represents a challenge to the discretionary aspect of her sentence.

> This Court has held, "[w]here an appellant challenges the discretionary aspects of a sentence, there is no automatic right to appeal and an appellant's appeal should be considered a petition for allowance of appeal." ***Commonwealth v. Crork***, 966 A.2d 585, 590 (Pa. Super. 2009).
>
>> Before we reach the merits of this [issue], we must engage in a four part analysis to determine: (1) whether the appeal is timely; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code.
>
> ***Commonwealth v. Clarke***, 70 A.3d 1281, 1286 (Pa. Super. 2013) (***citing Commonwealth v. Malovich***, 903 A.2d 1247, 1250 Pa. Super. 2006)).
>
> * * *
>
>> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. A substantial question exists "only when the appellant

---

[4] All underlying facts are taken from the notes of testimony of the guilty plea, ***see*** N.T. Guilty Plea, 10/26/2015 at 5-10, and the Grand Jury Report, ***see*** Grand Jury Report # 3, 5/28/2015 at 2-3, 29-32.

[5] Tutko does not challenge the sentence imposed regarding the crimes against her daughter, which run concurrent to the murder sentence.

> advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process."

> ***Commonwealth v. Griffin***, 65 A.3d 932, 935 (Pa. Super. 2013) (internal citations omitted).

***Commonwealth v. Johnson***, 125 A.3d 822, 825-26 (Pa. Super. 2015).

Here, the appeal is timely and the issue has been preserved in both a post-sentence motion for reconsideration and Pa.R.A.P. 1925(b) statement. The final question is whether the claim represents a substantial question. Case law is split as to whether an assertion that a sentence is excessive due to the failure to properly consider and weigh the mitigating circumstances represents a substantial question. ***Compare Commonwealth v. DiSalvo***, 70 A.3d 900 (Pa. Super. 2013) (failure to give adequate weight to mitigating circumstances does not present a substantial question), ***Commonwealth v. Rhoades***, 8 A.3d 912 (Pa. Super. 2012) (same), ***with Commonwealth v. Gonzalez*** 109 A.3d 711 (Pa. Super. 2015 (failure to consider mitigating circumstance presents a substantial question), ***Commonwealth v. Raven***, 97 A.3d 1244 (Pa. Super. 2014) (same).

Given that the plea was to third-degree murder and other related charges, we will accept Tutko's claim as presenting a substantial question. Having made this determination, we are mindful that,

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse

- 4 -

of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

* * *

When imposing sentence, a court is required to consider the particular circumstances of the offense and the character of the defendant. In considering these factors, the court should refer to the defendant's prior criminal record, age, personal characteristics and potential for rehabilitation.

*Commonwealth v. Kearns*, ___ A.3d ___, 2016 PA Super. 238, at *4, (November 7, 2016) (citations omitted).

The certified record in this matter is replete with details of the crimes committed. Said details are found in the affidavit of probable cause in the arrest warrant, the notes of testimony of the guilty plea, the pre-sentence report, the report from the indicting grand jury, as well as from the sentencing hearing. Details of Tutko's life are also found throughout the record, especially in the pre-sentence report and sentencing hearing. During the sentencing hearing, the trial judge demonstrated his familiarity with said details by recounting an episode in which one of Tutko's sons stood between her and husband, absorbing abuse intended for her. *See* N.T. Sentencing Hearing, 12/16/2015 at 14. The trial judge also agreed that Tutko had suffered domestic violence at the hands of her husband. *Id*. at 22. Before issuing the sentence, the trial judge stated:

As I've indicated, I've reviewed the presentence report, all of the notes, listened to the testimony. As I indicated earlier, I've had an intimate knowledge of this case. I've handled both the

dependency/Children and Youth side and criminal side. I've listened to all the background. I've listened to this woman being involved and taking part in for six [sic] of them – five of them, excuse me, the termination of her parental rights to her children. And that is the speaker that is blaring to this Court – nine children taken away, and, worse, one taken away by third degree murder. She bears that same responsibility.

*Id*. at 31.

The 18-36 year sentence for third degree murder is a standard range sentence.

Since the sentencing court had and considered a presentence report, this fact alone was adequate to support the sentence, and due to the court's explicit reliance on that report, we are required to presume that the court properly weighed the mitigating factors present in the case.

***Commonwealth v. Fowler***, 893 A.2d 758, 766 (Pa. Super. 2006).

The certified record amply demonstrates that not only did the trial court read and consider the presentence report, it read, listened to and considered other relevant factors, which, as noted above, included additional information about the abuse suffered by Tutko. We have discovered nothing in the certified record to support Tutko's claim that the trial court failed to give the proper weight to the mitigating circumstances applicable to Tutko's situation. Therefore, we find the trial court neither abused its discretion nor committed an error of law in passing sentence. Accordingly, Tutko's claim must fail.

Judgment of sentence affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/9/2017